IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pieter Heydenrych<br><br>      Plaintiff,<br><br>  vs.<br><br>Frieson Dairy LLC and Friestad Farms, Inc.<br><br>      Defendant. | **JURY DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 *et seq.*;
THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *et seq.*; and
THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, *et seq.*;**

Plaintiff, Pieter Heydenrych, by and through his attorneys, Aaron B. Maduff and Walker R. Lawrence, of Maduff & Maduff, LLC, for his Complaint against Defendant, Frieson Dairy LLC and Friestad Farms, Inc., alleges and states as follows:

INTRODUCTION

1. Plaintiff, Pieter Heydenrych, began working for Frieson Dairy LLC and Friestad Farms, Inc. ("Defendants") on or about November 17, 2013 as herdsmen. Defendants failed to pay him at all for those periods that he worked from November 17, 2013 until May 11, 2014. On or about October 12, 2014, the parties entered into an employment agreement (the "Contract") that required the Defendant to make-good on its non-payment of compensation since November, 2013. The Contact continues through November 12, 2018.

2. Under the Contract Heydenrych was to work 54 hours each week and the Defendants were to compensate him at a rate of $600 per week *after deductions* from

1

November 12, 2013 through November 12, 2018. From August 24, 2014 through January 3, 2015 Defendants typically paid him $300 per week. Defendants did pay Heydenrych consistent with the terms of the Contract on January 4, 2015 until March 12, 2016. On March 19, 2016, Defendants (in violation of the contract) began paying the Plaintiff $600 per week but took out withholdings — in other words, they failed to gross-up for the taxes. Heydenrych files this claim seeking to be paid the minimum wage owed to him during those weeks he was not paid minimum wage and to enforce the Contact entered into between the Parties.

## THE PARTIES

3. Plaintiff, Pieter Heydenrych, is a citizen of the State of Illinois residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all times relevant to this Complaint, Mr. Heydenrych was an "employee" as defined by 29 U.S.C. § 203(e), 820 ILCS 105/3(d) and 820 ILCS 115/2.

4. Defendant, Frieson Dairy, LLC. (hereinafter "Frieson"), is a corporation licensed in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant Frieson is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); and §2 of the IWPCA, 820 ILCS 115/2.

5. Defendant, Friestad Farms, Inc. (hereinafter "Friestad"), is a corporation licensed in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant Friestad is

and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); and §2 of the IWPCA, 820 ILCS 115/2.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under §1367 of the Judicial Code, 28 U.S.C. §1367.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this District.

## CONDITIONS PRECEDENT

8.  Plaintiff performed all conditions precedent to his employment with Defendants to receive the payment of his wages. In fact he often worked longer hours than required.

## FACTS

EMPLOYMENT HISTORY

9.  Plaintiff began working for the Defendants on November 17, 2013.

10. From November 2013 to August 2014 Plaintiff would drive in from Vermont after taking a train from Syracuse, NY (where he was living at the time) and work on a week by week basis for the Defendants.

11. During this time, Plaintiff was paid nothing.

12. Plaintiff stopped working for the Defendants in May, 2014 because he was not being paid and there was no long term offer of employment provided by the Defendant.

13. In the summer of 2014, the Defendants contacted Plaintiff and offered him a full-time position for $300 per week working 54 hours a week.

14. Plaintiff's first week was August 24, 2014 – August 30, 2014.

15. The issue of the lack of a long term agreement and failure to pay for time worked in 2013 remained open.

16. The Parties finally reached an agreement on or about October 12, 2014 which provided for the following payments to be made to Heydenrych:

> 41. Compensation paid to the Employee for the services rendered by the Employee as required by this Agreement (" the Compensation") will include a salary of $ 600 (USD) per week after deductions ( State , Federal Taxes , Medicare , Unemployment Insurance , Social Security ) beginning the 12th of November 2013 until the 12th of November 2018.

17. Plaintiff was also given a home to live in as part of the Contract. He was to begin living there on November 1, 2014. He began living in the home on November 14, 2014.

18. Plaintiff was also to receive reimbursement for cellphone costs and travel expenses. He has never received any of these benefits from the Defendant.

19. Despite the new agreement, the Defendants continued to only pay Plaintiff $300 per week through January 3, 2015.

20. On January 4, 2015, the Defendants began paying Plaintiff $600 per week as stated in the Contract and continued to do so until March 12, 2016.

21. On information and belief, the Defendants were not making payments to the Internal Revenue Service. As a result, the Plaintiff was required to pay back taxes that were to be paid by the Defendants as a result of the gross-up agreement.

22. On March 19, 2016, Heydenrych received a paycheck from the Defendants, for $600 minus withholdings — the check was not grossed up pursuant to the Contract.

23. Defendants have also been deducting from Plaintiff's pay check full and half days for which they claim Plaintiff did no work.

24. To this date, Defendants continue to pay Plaintiff only $600/week minus withholdings instead of grossing the check up.

25. As a result, Defendant is not paying Plaintiff the agreed upon compensation.

**COUNT I**
**DEMAND FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.*,**

26. Plaintiff restates and realleges paragraphs 1 through 25 as paragraph 26 of this demand for relief.

27. By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.

28. As a result of these violations, Plaintiff suffered pecuniary losses.

29. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not the FLSA applied to them, and their violations were willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the period commencing three years prior to [INSERT] (i.e. from INSERT] to the present);

(2) Enter judgment in favor of Plaintiff in the amount shown to be due for the Defendants' failure to pay minimum wage, plus liquidated damages in an equal amount;

(3) Enter judgment against Defendant for Plaintiff's reasonable attorney's fees, expenses, and the costs of this action; and

(4) Award Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT II
## DEMAND FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE IMWL, 820 ILCS 105/1 *et seq.*

30. Plaintiff restates and realleges paragraphs 1 through 25 as paragraph 30 of this demand for relief.

31. By virtue of the foregoing, Defendants violated the IMWL by not paying minimum wage every week in which Plaintiff worked.

32. Defendants' willful and wanton conduct in refusing to pay Plaintiff minimum wages warrants punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1) Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the period commencing three years prior to [INSERT] (i.e. from [INSERT] to the present);

  (2) Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay minimum wage;

  (3) Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §12(a) of the Illinois Minimum Wage Law, 820 ILCS ¶105/12(a).

  (4) Enter judgment against Defendants for Plaintiff's reasonable attorneys' fees, expenses, and costs of this action; and

  (5) Award Plaintiff such other relief as this Court deems just and appropriate.

## COUNT III
### DEMAND FOR RELIEF FOR VIOLATION OF 820 ILCS 115/1, *et seq*.
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT FOR
### FAILING TO PAY FOR COMPENSATION

33. Plaintiff restates and realleges paragraphs 1 through 25 as paragraph 33 of this demand for relief.

34. Defendants contracted with the Plaintiff to pay him $600 per week after withholdings, however, by virtue of the foregoing Defendant failed to pay him $600 per week after withholdings and continues to violate that agreement.

35. As a result of this violation, Defendant has violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. because it has not paid Plaintiff for the compensation owed to him for his work..

36. Defendants' willful and wanton conduct in refusing to pay Plaintiff for all hours worked warrants punitive damages.

  WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1) Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him;

(2) Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay Plaintiff all his compensation

(3) Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a);

(4) Enter judgment against Defendants for Plaintiff's reasonable attorney's fees, expenses, and costs of this action; and

(5) Award Plaintiff such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Respectfully submitted,

        /s/ Walker R. Lawrence

        Aaron B. Maduff
        Atty. No. 6226932
        Walker R. Lawrence
        Atty. No. 6296405
        Maduff & Maduff, LLC
        205 N. Michigan, Ave., Suite 2050
        Chicago, Illinois 60601
        312/276-9000